1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

* * *

7

UNITED STATES OF AMERICA,

8

Plaintiff/Respondent,

9

v.

10

JAMIKKO FOSTER,

11

Defendant/Petitioner.

Case No. 2:19-cr-00117-RFB

**ORDER**

12
13

Before the is Defendant Petitioner's Emergency Motion for Reducing Sentence [ECF No.

14

70].

15

**I.      BACKGROUND**

16
17

On September 19, 2019, the Court sentenced Mr. Foster to 24 months of incarceration

18

followed by three years of supervised release for his conviction for the theft of firearms from a

19

federal firearms licensee and for his unlawful possession of a machine gun. Mr. Foster began his

20

prison sentence on January 6, 2020.

21
22

**II.     LEGAL STANDARD**

23

Federal law permits a district court to modify a sentence under certain conditions pursuant

24

to 18 U.S.C. §3582(c)(1)(A). Specifically, a court may modify a defendant's sentence "upon

25

motion of the defendant after the defendant has fully exhausted all administrative right to appeal a

26

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

27

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

28

Id. Once a motion has been filed, a court may modify a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. at §3582(c)(1)(A)(i).

The Sentencing Commission has issued policy guidance under Section 1B1.13 enumerating the various "extraordinary and compelling reasons" for granting a motion pursuant to Section 3582(c)(1)(A). Under this guidance, "Family Circumstances" can constitute a basis to modify a sentence when there is a "death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S. Sentencing Guidelines § 1B1.13(1)(A), cmt. n.1. Family circumstances allowing for a sentence reduction also can exist upon "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

### III.    FACTUAL FINDINGS

Based upon the entire record in this case, the Court makes the following findings of fact.

Mr. Foster is married to Courtney Foster. Mrs. Foster suffers from a serious debilitating illness, lupus. Mrs. Foster resides in North Las Vegas, Nevada with her and Mr. Foster's two minor children—who are seven and nine years old. She lives with their children with no other adult residing in their home.

While Mrs. Foster's medical condition had been relatively controlled prior to Mr. Foster's incarceration, she has suffered recent medical complications that have left her incapacitated. On March 27, 2020, Mrs. Foster had to go to the emergency room of a local hospital when she developed a painful skin rash that was rapidly spreading over her body. Mrs. Foster was diagnosed with shingles and prescribed various medications and then released from the hospital. After her

release, Mrs. Foster continued to suffer from pain causing her lupus to flare up and swelling in her joints which further exacerbated her pain. Her prescribed medications from her hospital visit as well her medication for her lupus could not alleviate her pain. She further suffered from fatigue and weakness as a result of not being able to keep her food down in response to her medications. As her fatigue and pain became overwhelming, Mrs. Foster returned to the emergency room of a local hospital on April 3, 2020. In addition to her shingles diagnosis, Mrs. Foster was further diagnosed with neuropathic pain and female pelvic congestion syndrome. Mrs. Foster was released with further prescriptions to address her diagnoses and symptoms. Since her last release from the hospital, Mrs. Foster continues to suffer from debilitating pain. She has difficulty walking and is constantly in pain and fatigued. Mrs. Foster is unable to engage in normal and family-sustaining activities including cooking, cleaning and grocery shopping. Her ability to go out and do grocery shopping is further impeded by the fact that her lupus makes her vulnerable to severe complications if she were ever to become infected with the coronavirus and develop COVID-19.

The Court further finds that Mrs. Foster does not have other adults who can provide necessary consistent care for her or her children. Her children cannot adequately take care of her or themselves at this time.

Nevada is currently under a shelter-in-place order from the Governor based upon the global pandemic from the coronavirus. All schools are closed for the remainder of the school year, so Mrs. Foster's minor children are at home with her all day.

Mr. Foster is currently incarcerated at Atwater United States Penitentiary. The warden at this facility received a written request from Mr. Foster on March 30, 2020 for compassionate release under Section 3582. This request was denied on April 6, 2020 by the Warden.

/ / /

## IV.    DISCUSSION

The Court finds that the record in this case supports granting Mr. Foster's motion and reducing his sentence to "time served."

First, the Court finds that requisite time (30 days) under Section 3582 has elapsed from the time Mr. Foster submitted his request for compassionate release until the Court's issuance of its order in this case.[1]

Second, the Court finds that Mr. Foster's 'family circumstances' constitute extraordinary and compelling reasons for the modification of his sentence. The Court finds that Mrs. Foster has become incapacitated such that she cannot adequately care for herself or for their minor children. Mrs. Foster suffers from a debilitating illness, lupus, that has flared and been exacerbated by additional medical complications—neuropathic pain, shingles, rheumatoid arthritis, chronic pain and extreme fatigue. Her symptoms are continuous and have not abated. There is no indication that Mrs. Foster's medical condition will improve in the next several months without support from another caregiver—her husband. The Court finds that there are no other individuals who can care for Mrs. Foster or her children. The Court thus finds that Mr. Foster's motion qualifies for relief both as it relates to the incapacity of his wife and her inability to adequately care for their minor children. U.S. Sentencing Guidelines § 1B1.13(1)(A), cmt. n.1. While the Court finds that either circumstance would independently establish an extraordinary and compelling basis to grant Mr. Foster's motion, the Court further finds that the overall family circumstances of the Foster household also support the granting of Mr. Foster's motion.

---

[1] The Court is not explicitly addressing in this order whether the 30-day period in Section 3582 is jurisdictional or not. However, to the extent the Court would be required to make findings on this issue, the Court does find that Mr. Foster's request is urgent and that further pursuit of administrative remedies would place his wife in serious medical jeopardy and leave his minor children without necessary care due to the delay that would necessarily accompany the further pursuit of such administrative review.

Third, the Court has considered all of the relevant factors under Section 3553(a) and their application to the record in this case. The Court has considered the circumstances of Mr. Foster's underlying offense conduct. The Court has considered Mr. Foster's minimal criminal history. The Court has considered Mr. Foster's continued support of his family during the pendency of his case. The Court takes note of Mr. Foster's release plan and his positive conduct while in custody. The Court also finds that the time Mr. Foster has spent in custody will serve as a deterrent to future criminal conduct. Based upon a consideration of the entire record in this case, the Court finds that a sentence of time served would be appropriate as to both counts of conviction. The Court will impose the same period of supervised release and the same conditions for those terms of supervised release.

## V.     CONCLUSION

For the reasons stated in this order and on the record at the hearing on the motion,

**IT IS THEREFORE ORDERED** that Defendant Petitioner's Emergency Motion for Reduction of Sentence [ECF No. 70] is GRANTED. Mr. Foster's sentence is reduced to "time served" as to both counts of conviction. His terms of supervised release shall remain the same.

**IT IS FURTHER ORDERED** that Mr. Foster shall be immediately released upon receipt of this order by the Bureau of Prisons.


**DATED:** May 1, 2020.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**